```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 11-62271-CIV-ZLOCH
```

CENTURY SURETY COMPANY,

    Plaintiff,

vs.                              **O R D E R**

JD FIVE STAR, INC., et al.,

    Defendants.

_____/

    THIS MATTER is before the Court upon Plaintiff Century Surety Company's Dispositive Motion For Summary Judgment (DE 48). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

    The Court notes that no Response and no Statement of Material Facts were filed in response to the instant Motion (DE 48). Under the applicable Local Rule, "failure to [respond to a motion] may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c). Further, under Rule 56.1(b), "Effect of Failure to Controvert Statement of Undisputed Facts," "[a]ll material facts set forth in the movant's statement filed and supported as required [by Local Rule 56.1(a)] will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." S.D. Fla. L.R. 56.1(b). Thus, Defendants' failure to respond to the instant Motion (DE 48) is a sufficient ground for the Court's granting of the Motion, assuming that Plaintiff is able to meet the summary judgment standard set forth by the Local Rules.

Yet, the Court also enters summary judgment in favor of Plaintiff for the following reasons.

## I. Background

Plaintiff Century Surety Company (hereinafter "Century") initiated the above-styled cause with the filing of its Complaint For Declaratory Judgment (DE 1) (hereinafter "Complaint") on October 20, 2011. By its Complaint (DE 1), Century seeks entry of a declaratory judgment that it has no duty to defend or indemnify Defendants JD Five Star, Inc., Port Fivestar, Inc., Jihad Abuznaid, Riad Abuznaid, or Ahmad Abuznaid, with respect to lawsuits arising from a shooting at a gas station and convenience store owned and operated by JD Five Star, Inc., and/or Port Fivestar, Inc., located at 598 15th Street, Pompano Beach, Florida.

Century issued a Commercial General Liability Insurance Policy, No. CCP-459886, (hereinafter "the Policy") to Port Five Star, Inc., for the period between December 31, 2006, to December 31, 2007. During this period, Defendant JD Five Star, Inc., d/b/a Port Five Star (hereinafter "Port Five Star"), operated a gas station and convenience store, Port Five Star Mart, located at 598 15th Street, Pompano Beach, Florida. On October 25, 2007, during the Policy period, Adnan Khalil (hereinafter "Khalil") and Sabri Khaleq (hereinafter "Khaleq") were shot during an armed robbery while working as clerks during the night shift at the Port Five Star gas station/convenience store. The estates of both Khalil and Khaleq filed wrongful death lawsuits against Port Five Star Food

2

Mart, as well as the owners, employees, and managers, Jihad Abuznaid, Riad Abuznaid, and Ahmad Abuznaid, in the Seventeenth Judicial Circuit Court in and for Broward County, Florida.  See DE 1-2 & 1-3 (hereinafter "the State Complaints").  These state lawsuits prompted Plaintiff Century's filing of the instant declaratory judgment action.

## II. Standard

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990).  The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)(quotation omitted).  Indeed,

> [t]he moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment.

Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991); Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).  The moving

3

party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof. Celotex Corp., 477 U.S. at 322; Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987). Further, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III. Analysis

Under Florida law, "the interpretation of an insurance contract is a matter of law to be decided by the Court." First Specialty Ins. Corp. v. GRS Management Associates, Inc., 2009 WL 2524613, at *4 (S.D. Fla. Aug. 17, 2009). Further, "'[w]hen an insurance contract is not ambiguous, it must be given effect as it is written.'" Id. (internal citation omitted). In deciding whether the insurer has a duty to defend an underlying lawsuit, the court must consider whether "the relevant pleadings allege facts that fairly and potentially bring the suit within policy coverage." Lawyers Title Ins. Corp. v. JDC (America) Corp., 52 F.3d 1575, 1580 (11th Cir. 1995). The duty to defend is broader than the duty to indemnify. Thus, if the court determines there is no duty to defend, there can accordingly be no duty to indemnify. Falcon Trust Group, Inc. v. Travelers Cas. & Sur. Co. of America, 725 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010).

Plaintiff Century argues that it has no duty to defend or indemnify Defendants under two separate provisions of the Policy: the Assault and Battery Exclusion and the Action Over Exclusion. The Court will consider both of those provisions in turn.

### A. Assault and Battery Exclusion

Plaintiff Century first argues that summary judgment should be entered in its favor because the allegations contained in the State Complaints fall squarely within the Policy's "Assault and Battery Exclusion." DE 1-1, p. 33. This Exclusion provides that:

> "[t]his insurance does not apply to "'bodily injury' . . . arising out of or resulting from:
> a. any actual, threatened or alleged assault or battery;
> b. the failure of any insured or anyone else for whom any insured is or could be held legally liable to prevent or suppress any assault or battery;
> c. the failure of any insured or anyone else for whom any insured is or could be held legally liable to render or secure medical treatment necessitated by any assault and battery;
> d. the rendering or medical treatment by any insured or anyone else for whom any insured is or could be held legally liable that was necessitated by any assault or battery;
> e. The negligent:
>    i. employment;
>    ii. investigation;
>    iii. supervision;
>    iv. training;
>    v. retention;
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by 1. (a), (b), (c), (d) or (e) above."

DE 1-1, p. 33. The "Assault and Battery Exclusion" further provides that Century:

> shall have no duty to defend or indemnify any claim,

5

>     demand, suit, action or litigation where . . . :
>         a. any actual or alleged injury arises out of any
>         combination of an assault or battery-related cause
>         and a non-assault or battery-related cause.
>         b. any actual or alleged injury arising out of a
>         chain of events which includes assault or battery,
>         regardless of whether the assault or battery is the
>         initial precipitating event or a substantial cause
>         of injury.
>         c. any actual or alleged injury arises out of
>         assault or battery as a concurrent cause of injury
>         regardless of whether the assault or battery is the
>         proximate cause of injury.

Id.

The State Complaints contain claims of negligence under Florida law. See DE 1-2 & DE 1-3. Specifically, the State Complaints, which contain identical allegations, aver that Khaleq and Khalil were working as clerks for Defendant, JD Five Star, Inc., at Defendant's store, which is in a neighborhood known for its history of "violent criminal acts" such as "murder, aggravated assault, burglary, forcible sex offenses, larceny, burglary and vehicular theft." DE 1-2, p. 6. It is further alleged that the store itself "had a long history of many violent crimes occurring on its premises all of which Defendants . . . knew or had actual knowledge of or should have had such knowledge in the exercise of reasonable care." Id. These Complaints also allege that Defendants "had a duty to provide a reasonably safe and secure work environment for the protection" of its employees, yet breached that duty when Defendants forced the decedents to work "under said dangerous conditions" which resulted in their being shot and killed. DE 1-2, pp. 5-6, 10.

Even such as here when an underlying claim "sounds in negligence," if it factually arises out of an assault or battery, it can be considered under the assault and battery exclusion of an insurance policy. See First Specialty Ins. Corp. v. 633 Partners, Ltd., 300 Fed. App'x 777, 783 (11th Cir. 2008) (finding that a negligence claim arose out of an assault and thus was properly considered under that insurance policy's assault and battery exclusion); Clarendon America Ins. Co. v. Burlington Ins. Co., 677 F. Supp. 2d 1317, 1322, n.2 (S.D. Fla. 2009) ("Even though [the insured's] claims sounded in negligence, they still 'arose out of' an assault and battery."). Here, too, while the allegations of the State Complaints sound in negligence, they arise out of the battery of the two decedents, and thus, can be considered under the Assault and Battery Exclusion.

Courts inside the Eleventh Circuit have applied assault and battery exclusions in shooting death cases, even when the terms "assault" and "battery" are not defined in the policy. In Geovera Specialty Ins. Co. v. USF&G Specialty Ins. Corp., the Middle District of Florida considered whether an insurance policy's assault and battery provision excluded a claim of negligence for a shooting death. 831 F. Supp. 2d 1306, 1310 (M.D. Fla. 2011). Noting first that "the lack of an operative definition or a word or phrase does not mean that an insurance policy is ambiguous," that court looked to Florida law to define the terms "assault" and "battery." Id. at 1312.

7

The court first noted that under Florida law, the elements of assault include "an intentional threat by an act, coupled with an apparent ability to carry out the threat, that creates a fear of imminent violence; the required intent is to do the act, not the intent to do violence to the victim." Id. (citing Campbell v. State, 37 So. 3d 948 (Fla. 5th DCA 2010)). Under the facts of that case, the court found that an assault did occur——"[t]he acts of intentionally placing a handgun on a person's neck and pulling the trigger are acts which constitute an intentional threat to do violence, coupled with an apparent ability to do so, and which create a well-founded fear of such violence being done." Id. The court also noted that a battery, or "the infliction of a harmful or offensive contact upon another with the intent to cause such contact or apprehension that such contact is imminent," clearly occurred, under Florida law. Id. at 1313 (citing Quilling v. Price, 894 So. 2d 1061, 1063 (Fla. 5th DCA 2005)); Paul v. Holbrook, 696 So. 2d 1311, 1312 (Fla. 5th DCA 1997). The court therefore found that the acts causing the decedent's death were within the policy exclusion for bodily injury arising from assault or battery, and thus the plaintiff insurance company had no duty of indemnification. Id. at 1315.

The Middle District of Florida reached a similar conclusion in the case of Those Certain Underwriters at Lloyd's London v. Karma Korner, in which that court considered whether a claim of negligent security arising out of the shooting death of individual as he was

8

attempting to retrieve a cap off the top of a car. 2011 WL 1150466 (M.D. Fla. Mar. 28, 2011). In finding that the negligence claim was excluded under the assault and battery provision of the insurance policy, the court followed the holding of other courts that "a shooting death is an 'assault and battery' for the purpose of application of an assault and battery exclusion in a liability policy." Id., at *4. The court further held that "[u]nder a straightforward, common sense reading of the exclusion, there is no coverage under the Policy for claims 'arising out of' a shooting death such as the one at the root of this case." Id.

Finally, courts have excluded claims under assault and battery provisions which arose from injuries sustained in the course of robberies. In Perrine Food Retailers, Inc. v. Odyssey RE London Limited, the Florida District Court of Appeal held that a negligence claim arising out of a battery which occurred during a robbery was properly excluded under that policy's assault and battery exclusion. 721 So. 2d 402 (Fla. 3d DCA 1998).

Here, the Court finds that the Assault and Battery Exclusion operates to bar the claims contained within the State Complaints. While these Complaints include claims of negligence, they arise out of the incidents of assault and battery that are set forth in the Complaints. See First Specialty Ins. Corp., 300 Fed. App'x at 783. Further, it is clear from the face of the State Complaints that they allege assaults and batteries under Florida law. See DE 1-2, p. 5 ("Khaleq, was working as a clerk for Defendant . . . when he

9

was accosted by an assailant during a robbery who shot him in the head, thereby killing him."); DE 1-3, p. 5 ("Khalil, was working as a clerk for Defendant . . . when he was accosted by an assailant during a robbery who shot him in the head, thereby killing him.") The Court also finds that the actual evidence regarding the shooting deaths of the decedents establish the applicability of the Assault and Battery Exclusion. See DE 47, p. 7.

As set forth above, the Exclusion provides that the Policy does not cover "any actual, threatened or alleged assault or battery" and Plaintiff Century has no duty to defend or indemnify any suit where an assault or battery results in injury. DE 1-1, p. 33. Thus, the Assault and Battery Exclusion clearly operates to exclude the shooting deaths of Khaleq and Khalil, and Plaintiff Century has no duty to defend or indemnify Defendants in the state lawsuits.

B. Action Over Exclusion

Plaintiff Century next argues that the allegations in the State Complaints fall within the Action Over Exclusion contained in the Policy. The Policy provides that the "bodily injury" set forth above includes injury sustained by the employee of the named insured "arising out of and in the course of: (a) employment by the named insured; or (b) Performing duties related to the conduct of the named insured's business." DE 1-1, at 34. Finally, an "employee" in the Policy includes "a leased worker, a temporary worker and a volunteer worker." Id. at 16. And while the State

10

Complaints initially alleged that the decedents were "employees," they were later amended to change the decedents' status to "independent contractors."  However, Plaintiff Century argues, and the Court agrees, that the facts establish that decedents were actually "employees" at the time of the incident.

The Court will consider ten factors to determine whether a party is an independent contractor or an employee.  These factors are as follows:

> (a) the extent of control which, by the agreement, the master may exercise over the details of the work;
>
> (b) whether or not the one employed is engaged in a distinct occupation or business;
>
> (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
>
> (d) the skill required in the particular occupation;
>
> (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
>
> (f) the length of time for which the person is employed;
>
> (g) the method of payment, whether by the time or by the job;
>
> (h) whether the work is part of the regular business of the employer;
>
> (i) whether or not the parties believe they are creating the relation of master and servant; and
>
> (j) whether the principal is or is not in business.

Tower Ins. Co. v. Rainbow Granite & Marble, Inc., 2010 WL 3604998, at *3 (S.D. Fla. Sept. 13, 2010) (citing Cantor v. Cochran, 184

11

So.2d 173 (Fla. 1996)). Further, the first factor, the extent of control the employer exerts over the individual, is the most significant. Id. at *4. Thus in Cantor, the court found the following facts important: the employer practically controlled the worker's work day; the worker was paid by the hour; his services did not require a special skill; and his services were an integral part of the employer's business. Id., at * 4-5. Thus, that court found that the worker was an employee of the business and any injuries he sustained while working for the business were properly excluded from the insurance policy.

Here, the State Complaints and the underlying facts demonstrate that the decedents were employees of Defendant Port Five Star at the time of the shooting. It is undisputed by all Parties that father and son Ahmad Abuznaid and Jihad Abuznaid, who owned Port Five Star, trained the decedents, decided their hours, and controlled their work. Further, the decedents' work involved running the store and the gas station; they did not conduct any business outside of the store's business. Finally, they worked as many as sixty hours per week at the Port Five Star, and they were paid a salary. Thus, considering all of the factors outlined above, the Court finds that the decedents were employees of Defendant Port Five Star. Tower Ins. Co., 2010 WL 3604998, at *3; Cantor v. Cochran, 184 So.2d at 174-75. Further, because the Action Over Exclusion excludes bodily injury to "an employee" arising "in the course of employment by the named insured" or while

"performing duties related to the conduct of the named insured's business," this provision also operates to bar coverage.

## IV. Conclusion

Therefore, the Court finds that Plaintiff Century has no duty to defend or indemnify Defendants in the state court actions referenced above.  The Court further notes that its finding regarding either the effect of either the Assault and Battery Exclusion or the Action Over Exclusion would have been sufficient to reach this determination. Accordingly, the Court will grant the instant Motion (DE 48) and enter judgment in favor of Plaintiff on the Complaint (DE 1) filed herein.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Century Surety Company's Dispositive Motion For Summary Judgment (DE 48) be and the same is hereby **GRANTED**;

2. Summary Judgment be and the same is hereby **ENTERED** in favor of Plaintiff Century Surety Company on the Complaint For Declaratory Judgment (DE 1); and

3. Final Judgment will be entered by separate Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this ___11th___ day of July, 2013.

```
                                    _____
                                    WILLIAM J. ZLOCH
                                    United States District Judge
```

All Counsel of Record